FOGG & a., *Ap'ts, v.* MOULTON, *Ex'r.*

The fact that a will, produced at a trial of the question of its validity, has a seal upon it, is evidence on the question whether the seal was there when the will was signed.

When the law of a case is fully, accurately, and clearly stated in instructions given to the jury, and each party has an opportunity in argument to apply the law to his view of the facts, it is not error of law for the court to refuse to instruct the jury on the application of the law to particular evidence.

PROBATE APPEAL, from a decree allowing a will. Issues on the validity of the will.

The three subscribing witnesses, and the scrivener who wrote the will, testified; but nothing was said by either of them or by anybody as to whether there was a seal on the instrument when it was signed by the testator, or at any other time. The scrivener, who was the executor named in it, testified that the will had remained in his custody from the time of its execution until it was filed in the registry of probate. The will was produced and read without objection, after the three subscribing witnesses had been examined. It had a seal upon it, and the usual attestation clause in due form preceding the signatures of the subscribing witnesses. The objection that there was no evidence that the will had a seal upon it at the time of its alleged execution was first taken in the closing argument. The court instructed the jury, that, in determining whether the will was sealed by the testator, they might consider the will and its appearance, the fact that it had a seal upon it, the attestation clause, and the evidence relating to the custody of it; and that the fact that it had a seal upon it was evidence from which they might find that the will was properly sealed at the time it was signed, in the absence of any evidence to the contrary. To this instruction the appellants excepted.

The appellants requested the court to charge the jury, that, if the testator was so affected by a shock of paralysis as to change the natural affection which he before had for his daughter to hatred or indifference, without any cause on her part, and for that reason the provisions of the instrument propounded as his will were much less favorable to her than they otherwise would have been, then he was not of sound mind, and the instrument cannot be regarded as his will. The court declined to charge as requested, and the appellants excepted. The jury had been instructed as to what constitutes a sound and disposing mind, and that if the will was in any respect the offspring of mental disease, it is not a will in contemplation of law. Verdict for the defendant.

*Towle* and *Marston,* for the plaintiffs.

*Wiggin & Fernald*, for the defendant. ˙

There was no error in the instructions of the court as to what would be competent evidence that the will was sealed at the time it was signed.  The production of the will with the seal upon it was evidence that it was properly sealed.  There is no presumption, in the absence of evidence, that it was placed there fraudulently or unlawfully.  On the contrary, the presumption is that it was lawfully placed there.  1 Gr. Ev., s. 38 *a ;* 1 Jarmyn Wills 220 ; 1 Red. Wills *237–*238 ; *Eliot* v. *Eliot*, 10 Allen 357 ; *Ela* v. *Edwards*, 16 Gray 91 ; *Adams* v. *Norris*, 23 Howard 353.  The genuineness of the signatures of the subscribing witnesses and of the testator being shown, it may be inferred that all the other requisites necessary to the due execution were complied with.  The attestation clause is also evidence of the facts therein recited, namely, that the will was signed and sealed · by the testator in their presence.  If direct testimony were essential, the forgetfulness or death of the parties present at the execution would prevent its being proved.

The court properly refused to. charge the jury as requested in reference to the supposed effect of the shock of paralysis upon the affection of the testator for his daughter.  One of the questions at issue was, whether the will was the production of a sound, or a diseased, mind ; and the purpose of the request was to induce the court, by making use of the particular form of instructions asked for, to convey the impression that the provisions of the will were evidence that it was the product of a particular form of disease, namely, want of natural affection.  The court had given proper instructions, to which no exception was taken, that if the will in any respect was the offspring of mental disease it could not be regarded as the will of the testator, and that in determining that question the jury might take into consideration the provisions of the will.  These were all the instructions that the evidence called for or warranted upon this part of the case.  *Ripley* v. *Colby*, 23 N. H. 438 ; *Clark* v. *Wood*, 34 N. H. 447 ; *Goodrich* v. *Eastern R. R.*, 38 N. H. 390.  The court were not bound to emphasize any particular claim or portion of the evidence by giving specific instructions which might properly apply to them, when appropriate general instructions had been given covering all the points and evidence in the case.  It rests in the discretion of the court how far it will apply the. law to particular facts of the case upon one side or the other.

DOE, C. J.  The defendant having, apparently through inadvertence, omitted to ask the witnesses whether the will was sealed when it was signed, the case would have been opened, on his motion, for evidence on that point when the objection was made during the closing argument.  The time when the objection was

made is significant.   There was evidence on the question, and the instructions were correct.

The law of insanity applicable to the case was fully stated in the charge, and each party could make an application of the law to his view of the evidence, in argument.   It was not error of law for the court to refuse to make such application.   *P. M. L. Ins. Co.* v. *Clark, ante* 345.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.